## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **FEMI ISIJOLA,** <br>       **PLAINTIFF,** <br><br> **v.** <br><br> **RHODE ISLAND DEPARTMENT OF REVENUE, DIVISION OF MOTOR VEHICLES IN ITS INDIVIDUAL CAPACITY,** <br><br> **WALTER CRADDOCK IN HIS OFFICIAL CAPACITY ONLY,** <br><br> **MATTHEW HALSTEAD IN HIS OFFICIAL CAPACITY AND INDIVIDUAL CAPACITY,** <br><br> **BILL MADONNA IN HIS OFFICIAL CAPACITY AND INDIVIDUAL CAPACITY,** <br>       **DEFENDANTS.** | CIVIL CASE No.:1:23-cv-00060-WES <br><br> REQUEST FOR THREE-JUDGE DISTRICT COURT PURSUANT TO 28 U.S.C. 2284(b)(1) AND LOCAL CIVIL RULE 9 OF THE LOCAL RULES OF THE DISTRICT OF RHODE ISLAND <br><br> REQUEST FOR HEARING BEFORE THE THREE-JUDGE DISTRICT COURT PURSUANT TO 28 U.S.C. 2284(b)(1) AND LOCAL CIVIL RULE 7(c) OF THE LOCAL RULES OF THE DISTRICT OF RHODE ISLAND <br><br> APRIL 6, 2026 |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON ALL HIS FEDERAL CLAIMS OF RELIEF IN HIS VERIFIED COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTION AND CIVIL RIGHTS AND CONSTITUTIONAL RIGHTS VIOLATION AND DEMAND FOR JURY TRIAL DATED FEBRUARY 8, 2023, PURSUANT TO FEDERAL RULE 56(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND DISTRICT COURT LOCAL CIVIL RULE 56 OF THE LOCAL RULES OF THE DISTRICT OF RHODE ISLAND**

**<u>PLAINTIFF FEMI ISIJOLA'S MOTION FOR SUMMARY JUDGMENT ON ALL HIS FEDERAL CLAIMS OF RELIEF IN HIS VERIFIED COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTION AND CIVIL RIGHTS AND CONSTITUTIONAL RIGHTS VIOLATION AND DEMAND FOR JURY TRIAL DATED FEBRUARY 8, 2023, PURSUANT TO FEDERAL RULE 56(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND DISTRICT COURT LOCAL CIVIL RULE 56 OF THE LOCAL RULES OF THE DISTRICT OF RHODE ISLAND</u>**

Now comes Plaintiff Femi Isijola ("Plaintiff" or "plaintiff") and moves for summary judgment pursuant to Federal Rule 56(a) of the Federal Rules of Civil Procedure and District Court Local Civil Rule 56 of the Local Rules of the District of Rhode Island for all his two federal claims for relief and all his requests in his verified complaint for preliminary and permanent injunction and civil rights and constitutional rights violation and demand for jury trial dated February 8, 2023.

**I.**                            **<u>INTRODUCTION</u>**

Plaintiff moves for his entitled summary judgment pursuant to Federal Rule 56(a) of the Federal Rules of Civil Procedure, Federal Rule 56(b) of the Federal Rules of Civil Procedure and District Court Local Civil Rule 56(c) of the Local Rules of the District of Rhode Island.

Plaintiff pursuant to District Court Local Civil Rule 56(a)(1) of the Local Rules of the District of Rhode Island incorporates his separate statement of undisputed material facts that entitles the plaintiff to judgment as a matter of law.

Plaintiff pursuant to Federal Rule 56(c) of the Federal Rules of Civil Procedure and   District Court Local Civil Rule 56(b) of the Local Rules of the District of

Rhode Island submits his attachments in support of his motion for summary judgment.

Plaintiff pursuant to District Court Local Civil Rule 7(a)(2)(B) of the Local Rules of the District of Rhode Island District Court Local Civil Rule 56(b) of the Local Rules of the District of Rhode Island submits his attached memorandum of law in support of his motion for summary judgment.

Plaintiff pursuant to District Court Local Civil Rule 7(a)(2)(B) of the Local Rules of the District of Rhode Island District Court Local Civil Rule 56(b) of the Local Rules of the District of Rhode Island submits his attached document paper numbers 2-11.

1.    exhibit-attachment number 2 to plaintiff's motion for summary judgment-verified complaint and demand for jury trial dated 02-08-2023.

2.    exhibit-attachment number 3 to plaintiff's motion for summary judgment-affidavit in support of plaintiff's verified complaint and demand for jury trial dated 02-08-2023.

3.    exhibit-attachment number 4 to plaintiff's motion for summary judgment-exhibits in support of plaintiff's verified complaint and demand for jury trial dated 02-08-2023.

4.    exhibit-attachment number 5 to plaintiff's motion for summary judgment-transcript of hearing on plaintiff's motion for preliminary injunction held on Thursday 02-16-2023.

5.  exhibit-attachment number 6 to plaintiff's motion for summary judgment-affidavit in support of plaintiff's cross-motion for summary judgment and in response to the defendants' motion to dismiss dated 03-09-2023.

6.  exhibit-attachment number 7 to plaintiff's motion for summary judgment-affidavit in support of plaintiff's motion for reconsideration dated 03-09-2023 of the district court's docket text manifest material erroneous order entered 02-28-2023.

7.  exhibit-attachment number 8 to plaintiff's motion for summary judgment-plaintiff's response dated 02-24-2023 to the defendants' letter to the plaintiff sent to the chambers of the district court judge on 02-24-2023.

8.  exhibit-attachment number 9 to plaintiff's motion for summary judgment-Rhode Island Department of Revenue, division of motor vehicles rules of administrative practices and procedures with effective date of 12-03-2018.

9.  exhibit-attachment number 10 to plaintiff's motion for summary judgment-Investigation report assigned as case number 200093 of defendant Matthew Halstead created 3-12-2020, and dated 3-20-2020.

10.  exhibit-attachment number 11 to plaintiff's motion for summary judgment-Defendants' notice of cancellation of plaintiff's REAL ID driver's license on a manifest material erroneous application of federal regulatory authority of 6 CFR § 37.29 and Rhode General Laws Section 3-8-6, Rhode General Laws Section 3-8-6-1 and Rhode General Laws Section 31-10-1.

## II.  PLAINTIFF'S GROUNDS FOR HIS MOTION FOR SUMMARY JUDGMENT ON ALL HIS FEDERAL CLAIMS OF RELIEF IN HIS VERIFIED COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTION AND CIVIL RIGHTS AND CONSTITUTIONAL RIGHTS VIOLATION AND DEMAND FOR JURY TRIAL DATED FEBRUARY 8, 2023, PURSUANT TO DISTRICT COURT LOCAL CIVIL RULE 7(a)(2)(A) OF THE LOCAL RULES OF THE DISTRICT OF RHODE ISLAND

Pursuant to District Court Local Civil Rule 7(a)(2)(A) of the Local Rules of the District of Rhode Island, plaintiff-petitioner states that the grounds of his motion for summary judgment pursuant to Federal Rule 56(a) of the Federal Rules of Civil Procedure and District Court Local Civil Rule 56 of the Local Rules of the District of Rhode Island for all his two federal claims for relief and all his requests in his verified complaint for preliminary and permanent injunction and civil rights and constitutional rights violation and demand for jury trial dated February 8, 2023, are the following:

1.  Pursuant to Federal Rule 56(a) of the Federal Rules of Civil Procedure entitles and authorizes plaintiff to move for summary judgment for his two federal claims for relief that includes his Count I- due process rights claim (procedural due process claim) and Count II- equal protection rights claim and .

2.  Pursuant to Federal Rule 56(b) of the Federal Rules of Civil Procedure entitles and authorizes plaintiff to file his motion for summary judgment at any time until 30 days after the close of all discovery.

3. Pursuant to Federal Rule 56(c) of the Federal Rules of Civil Procedure entitles and authorizes plaintiff to support his factual assertions with his pleading, affidavits, transcript, and materials in the record.

4. Pursuant to District Court Local Civil Rule 56(a)(1) of the Local Rules of the District of Rhode Island entitles and authorizes plaintiff to accompany his motion for summary judgment with his statement of undisputed material facts.

5. Pursuant to District Court Local Civil Rule 56(a)(2) of the Local Rules of the District of Rhode Island entitles and authorizes plaintiff to file a separate statement of undisputed material facts in support of his motion for summary judgment.

6. Pursuant to District Court Local Civil Rule 56(b) of the Local Rules of the District of Rhode Island entitles and authorizes plaintiff to support his motion for summary judgment with his supporting documents.

7. Pursuant to District Court Local Civil Rule 56(c) of the Local Rules of the District of Rhode Island entitles and authorizes plaintiff to file his only one motion for summary judgment.

8. Pursuant to District Court Local Civil Rule 9 of the Local Rules of the District of Rhode Island entitles and authorizes plaintiff to request for the appointment of three-judge district court because the Federal Regulation of 6 CFR 37.29 and the three statutes of the State of Rhode Island that includes Rhode Island

6

General Law Section 3-8-6, Rhode Island General Law Section 3-8-6.1 and Rhode Island General Law Section 31-10-1 used to cancel plaintiff's REAL ID Driver's License by defendants Rhode Island Department of Revenue, Division of Motor Vehicles, as an agency of the State of Rhode Island, Walter Craddock in his official capacity as an administrator of the Rhode Island Department of Revenue, Division of Motor Vehicles, and Bill Madonna in his official capacity as a helpdesk officer of the Rhode Island Department of Revenue, Division of Motor Vehicles were unconstitutional.

9. Code of Federal Regulation Title 6, Part 37, Section 37.29(a) or otherwise known as 6 CFR 37.29 entitles plaintiff to only one REAL ID card or REAL ID driver's license from his State of Rhode Island.

10. Pursuant to 28 U.S. Code Section 2284(b)(1) entitles and authorizes plaintiff to request for three-judge district court because the Federal Regulation of 6 CFR 37.29 and the three statutes of the State of Rhode Island that includes Rhode Island General Law Section 3-8-6, Rhode Island General Law Section 3-8-6.1 and Rhode Island General Law Section 31-10-1 used to cancel plaintiff's REAL ID Driver's License by defendants Rhode Island Department of Revenue, Division of Motor Vehicles, as an agency of the State of Rhode Island, Walter Craddock in his official capacity as an administrator of the Rhode Island Department of Revenue, Division of Motor Vehicles, and Bill Madonna in his official capacity as a helpdesk officer

of the Rhode Island Department of Revenue, Division of Motor Vehicles were unconstitutional.

### III. PLAINTIFF'S RELIEF SOUGHT FOR HIS MOTION FOR SUMMARY JUDGMENT ON ALL HIS FEDERAL CLAIMS OF RELIEF IN HIS VERIFIED COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTION AND CIVIL RIGHTS AND CONSTITUTIONAL RIGHTS VIOLATION AND DEMAND FOR JURY TRIAL DATED FEBRUARY 8, 2023, PURSUANT TO DISTRICT COURT LOCAL CIVIL RULE 7(a)(2)(A) OF THE LOCAL RULES OF THE DISTRICT OF RHODE ISLAND

Pursuant to District Court Local Civil Rule 7(a)(2)(A) of the District Court Local Rules of the District of Rhode Island, plaintiff-petitioner states that the relief sought for his motion for summary judgment pursuant to Federal Rule 56(a) of the Federal Rules of Civil Procedure and District Court Local Civil Rule 56 of the Local Rules of the District of Rhode Island for all his two federal claims for relief and all his requests in his verified complaint for preliminary and permanent injunction and civil rights and constitutional rights violation and demand for jury trial dated February 8, 2023, are the following:

1.  Pursuant to Federal Rule 56(e)(3) of the Federal Rules of Civil Procedure, plaintiff requests that the Court grants his motion for summary judgment and all his requests in his verified complaint for preliminary and permanent injunction and civil rights and constitutional rights violation and demand for jury trial dated February 8, 2023, and because plaintiff is entitled to judgment as a matter of law.

2.    grant summary and declaratory judgment that the actions taken by the four defendants Rhode Island Department of Revenue, Division of Motor Vehicles, Walter Craddock, Matthew Halstead and Bill Madonna that were sued by the plaintiff-in the District Court on February 8, 2023, in depriving the plaintiff's right to operate his motor vehicle, not providing him with a notice and opportunity to be heard, denying him the equal protection of the laws of the State of Rhode Island, violated plaintiff's rights under the Fourteenth Amendment to the United States Constitution.

3.    permanently enjoin that the four defendants Rhode Island Department of Revenue, Division of Motor Vehicles, Walter Craddock, Matthew Halstead and Bill Madonna that were sued by the plaintiff-in the District Court on February 8, 2023, from depriving, providing notice and opportunity to be heard to the plaintiff, before cancelling his state issued State of Rhode Island REAL ID compliant driver's license.

4.    enjoined that the four defendants Rhode Island Department of Revenue, Division of Motor Vehicles, Walter Craddock, Matthew Halstead and Bill Madonna that were sued by the plaintiff-in the District Court on February 8, 2023, reinstate and make active, current plaintiff's inactive REAL ID driver's license status to active driver's license status.

5. monetary damages in the amount of $15,000,000.

6. punitive damages in the amount of $10,000,000.

7. costs and expenses in the amount of $5,000,000.

**IV.**               **CONCLUSION**

**WHEREFORE,** for all the foregoing reasons stated above and for all those

asserted herein and for all those asserted in plaintiff's attached supporting

memorandum of law and for all those incorporated in plaintiff's separate statement

of undisputed facts and for all those incorporated by reference, plaintiff

respectfully requests that his motion for summary judgment be granted because **he**

**is entitled to judgment as a matter of law** and all his relief requested above

pursuant to District Court Local Civil Rule 7(a)(2)(A) of the Local Rules of the

District of Rhode Island from paragraphs 1-7. The Court should grant such other

and further relief as the Court deemed just and proper.

Respectfully submitted,

Femi Isijola, Plaintiff

Femi Isijola, pro se plaintiff
30 Fairlawn Avenue
Woonsocket, Rhode Island 02895
(401) 327-2448
femlawisi@aol.com

Dated: April 6, 2026

## V. **PLAINTIFF'S REQUEST FOR THREE-JUDGE DISTRICT COURT PURSUANT TO 28 U.S. CODE SECTION 2284(b)(1) AND DISTRICT COURT LOCAL CIVIL RULE 9 OF THE LOCAL RULES OF THE DISTRICT OF RHODE ISLAND**

Plaintiff is requesting for an appointment of three-judge district court pursuant to 28 U.S. Code Section 2284(b)(1) and District Court Local Civil Rule 9 of the Local Rules of the District of Rhode Island because federal regulation of 6 CFR 37.29 and the three statutes of the State of Rhode Island that includes Rhode Island General Law Section 3-8-6, Rhode Island General Law Section 3-8-6.1 and Rhode Island General Law Section 31-10-1 used to cancel plaintiff's REAL ID Driver's License by defendants Rhode Island Department of Revenue, Division of Motor Vehicles, as an agency of the State of Rhode Island, Walter Craddock in his official capacity as an administrator of the Rhode Island Department of Revenue, Division of Motor Vehicles, and Bill Madonna in his official capacity as a helpdesk officer of the Rhode Island Department of Revenue, Division of Motor Vehicles were unconstitutional.

28 U.S. Code Section 2284(a)(1) states that a district court of three judges shall be convened when otherwise required by Act of Congress or when an action is filed challenging the constitutionality of the apportionment of congressional districts or **the apportionment of any statewide legislature body.**

11

28 U.S. Code Section 2284(b)(2) states if the action is against a State, or officer or agency thereof, at least five days' notice of hearing of the action shall be given by registered or certified mail to the governor and attorney general of the State.

6 CFR 37.29 prohibits holding more than one REAL ID card or more than one driver's license.

6 CFR 37.29(a) states that an individual may hold one REAL ID card. An individual cannot hold a REAL ID driver's license and a REAL ID identification card simultaneously. Nothing shall preclude an individual from holding a REAL ID card and a non-REAL card unless prohibited by his or her State.

6 CFR 37.29(b) states **prior** to issuing a **REAL ID driver's license**,

(1)   A state must check with all other States to determine if the applicant currently holds a driver's license or REAL ID identification card in another State.

(2)   If the State receives confirmation that the individual holds a driver's license in another State, or possesses a REAL ID identification in another State, the receiving State must take measures to confirm that the person has terminated or is terminating the driver's license or REAL ID identification card issued by the prior State pursuant to State law, regulation or procedure.

Rhode Island General Law Section 3-8-6 is applicable to identification cards for persons twenty-one years and older and inapplicable to persons twenty-one and

younger for unlawful drinking and not related to cancelling Real ID Driver's License.

Rhode Island General Law Section 3-8-6.1 is applicable to identification cards for persons twenty-one years and younger and not related to cancelling Real ID Driver's License.

Rhode Island General Law Section 31-10-1 is applicable to operator and chauffeur's valid license to drive and not related to cancelling Real ID Driver's License.

Code of Federal Regulation Title 6, Part 37, Section 37.29 is applicable if an individual has more than one REAL ID card or more than one driver's license and plaintiff has only one REAL ID driver's license and does not have more than one driver's license and is not related to cancelling Real ID driver's license.

## SUPPORTING CASE LAW

The supporting case law is Shapiro v. McManus, 577 U.S. 39 (2015)- The unanimous Court held that the subsequent provision of Section 2284(b)(1) that the district court judge shall commence the process for appointment of a three-judge panel "unless he determines that three-judge panel are not required, should be read not as a grant of discretion to the district judge to ignore section 2284(a), but as a compatible administrative detail.

Respectfully submitted,

Femi Isijola, Plaintiff

Femi Isijola, pro se plaintiff
30 Fairlawn Avenue
Woonsocket, Rhode Island 02895
(401) 327-2448
femlawisi@aol.com

Dated: April 6, 2026

## VI. PLAINTIFF'S REQUEST FOR HEARING PURSUANT TO DISTRICT COURT LOCAL CIVIL RULE 7(c) OF THE LOCAL RULES OF THE DISTRICT OF RHODE ISLAND BEFORE A THREE-JUDGE DISTRICT COURT PURSUANT TO 28 U.S.C. SECTION 2284(b)(1) AND DISTRICT COURT LOCAL CIVIL RULE 9 OF THE LOCAL RULES OF THE DISTRICT OF RHODE ISLAND

Pursuant to District Court Local Civil Rule 7(c) of the Local Rules of the District of Rhode Island, plaintiff seek for oral argument and to be heard by the three-judge district court pursuant to 28 U.S.C. Section 2284(b)(1) and District Court Local Civil Rule 9 of the Local Rules of the District of Rhode Island **and not before any** single judge of the District Court and seeks for an 1 hour oral argument before the three-judge district court.

Respectfully submitted,

Femi Isijola, Plaintiff

Femi Isijola, pro se plaintiff
30 Fairlawn Avenue
Woonsocket, Rhode Island 02895
(401) 327-2448
femlawisi@aol.com

Dated: April 6, 2026

15

## <u>CERTIFICATE OF SERVICE</u>

I, Femi Isijola certify on this 6th day of April 2026, that I electronically filed the within document [*Plaintiff's motion for summary judgment on all his federal claims of relief in his verified complaint for preliminary and permanent injunction and civil rights and constitutional rights violation and demand for jury trial dated February 8, 2023, pursuant to Federal Rule 56(a) of the Federal Rules of Civil Procedure and District Court Local Civil Rule 56(a) of the Local Rules of the District of Rhode Island*] with the Clerk of Court for the United States District Court for the District of Rhode Island by using the Court electronic filing system and service will be accomplished by the Court electronic filing system to the registered participants as identified on the Notice of Electronic Filing (NEF) and a copy is available for public viewing and downloading.

Respectfully submitted,

Femi Isijola, Plaintiff

Femi Isijola, pro se plaintiff
30 Fairlawn Avenue
Woonsocket, Rhode Island 02895
(401) 327-2448
femlawisi@aol.com

Dated: April 6, 2026

16